UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISELOTTE SCHROTH MORICE                                CIVIL ACTION
                                                        NO. 06-10950

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY                    SECTION M
ET AL.

**ORDER**

Before the Court are Defendants State Farm Fire and Casualty Company (State Farm) and Nora Vaden Insurance Agency, Inc. (Vaden)'s Motion for Partial Summary Judgment, which is opposed by plaintiff and which came for hearing on April 30, 2008, on the briefs.  Upon consideration of the motions, the briefs, and the applicable law, the Court grants the motion.

I

Plaintiff Liselotte Schroth Morice is the owner of two properties in Metairie, Louisiana, one located at 50 Papworth Avenue and the other at 4525 Cleary Avenue. Since 1987, Morice maintained a flood policy on the Papworth property.  Before November, 2003, she resided at the Cleary property and rented the Papworth property.  In November, 2003, Morice allegedly wished to "transfer" her coverage from the Papworth property to the Cleary property and contacted Vaden, her State Farm agent,  completing an application for

a rental dwelling policy to cover the Cleary property. State Farm has no record of receiving an application for flood insurance on the property and has no record of receiving a policy premium to purchase flood coverage for the Cleary property.

Following Hurricane Katrina, Morice spoke with Vaden at a State Farm mobile disaster claims office, where she was informed by Vaden that she did not have flood insurance coverage on the Cleary property.

Morice sued State Farm and Vaden in the 24th Judicial District for the Parish of Jefferson, alleging that Vaden negligently failed to issue or procure a flood policy on the Cleary property. The action was removed to this Court.

Defendant State Farm and Vaden now bring this motion for Partial Summary Judgment submitting that although Morice applied for flood insurance in 2003, no application was received, nor was a premium paid, and , therefore, that she knew or should have known that there was no policy on the Cleary property, and accordingly, that her claim against both Vaden and State Farm are perempted.

Morice submits that she did not have notice of Vaden's alleged negligence in not procuring the flood coverage until after the Hurricane, and she filed suit within one year (she filed suit on August 20, 2006) of discovering the negligence. Morice also contends that she took a deposit check to State Farm and that her further payments to State Farm came by way of direct withdrawal from her bank. She alleges that because she saw an increase in her premium, she assumed the increase was as result of the flood coverage.

II

Taking these facts as presented in the light most favorable to the plaintiff, this Court finds there are no genuine issues of material fact, and therefore, defendants are entitled to judgment as a matter of law on the issues presented.

Morice testified that although she completed a flood insurance application for the Cleary property at the same time she applied for the rental dwelling insurance policy, she admits that she never received confirmation from Vaden they had procured the policy, nor did she ever receive any documentation from Vaden regarding her flood coverage on the Cleary property.

Morice knew or should have known as early as 2004, when the renewal was due, that she did not have flood insurance coverage on Cleary property. As such, her flood claims against Vaden and State Farm on the Cleary property are preempted. *See* La. R.S. 9:5606.

The Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 2nd day of May, 2008.

　　　　　　　　　　　　　　　　　　　　　　Peter Beer
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

3